IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

ROBERT ROSS BANKS, )
    PLAINTIFF, )
)
v. ) CIVIL ACTION No. 13-CV-559-JPG-PMF
)
ALOK KALE, )
PRESTON HUMPHREY ESQ., LLC, )
    DEFENDANTS. )

FILED
JUN 13 2013
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

---

## COMPLAINT

---

COMES NOW Plaintiff Robert Ross Banks (hereinafter referred to as "Plaintiff"), pro se, to enter this Complaint against Defendant Alok Kale (hereinafter referred to as "Defendant Kale") and Defendant Preston Humphrey Esq., LLC (hereinafter referred to as "Defendant Preston"), and states as follows:

### COUNT ONE-BREACH OF FIDUCIARY DUTY

1. At the time of the commencement of this Complaint, Plaintiff is a citizen of Illinois. At the time of the commencement of this Complaint, Defendant Kale is a citizen of California. At the time of the commencement of this Complaint, Defendant Preston is a corporation incorporated under the laws of Missouri with its principal place of business in Missouri.

1.

The amount in controversy, without interest and costs exceeds the sum or value specified by 28 U.S.C. § 1332. As such, this Court has jurisdiction under the diversity of citizenship analysis of 28 U.S.C. § 1332. As this Complaint is premised on diversity jurisdiction, Illinois law is applicable.

2. Plaintiff is a layman at law, therefore as a pro se litigant he invokes the excusable error analysis of Haines v. Kerner, 404 U.S. 519 (1972), where this Court is required to hold the Plaintiff's pleadings to a less stringent standard than motions drafted by a lawyer. See also Erickson v. Pardus, 551 U.S. 89, 94, 124 S.Ct. 2197, 167 L.Ed. 2d 1081 (2007).

3. Defendant Kale represented Plaintiff in United States of America v. Robert Ross Banks, Criminal No. 4:03-cr-40019, in the United States District Court for the Southern District of Illinois, Benton Division beginning on or about April 27th, 2004. Defendant Kale was a licensed attorney admitted to the Illinois Bar Association employed by Humphrey, Siegler and Kale, LLC.

4. Defendant Preston is the current successor corporation of Humphrey, Siegler and Kale, LLC.

5. Defendant Kale was appointed by the United States District Court for the Southern District of Illinois, Benton Division to represent Plaintiff.

6. Defendant Kale failed to disclose to Plaintiff that Defendant Kale received a third party payment or payments in connection with Plaintiff's representation.

7. Plaintiff contends that the failure to disclose to Plaintiff that Defendant Kale received a third party payment or payments is a breach of fiduciary duty on the part of Defendant Kale.

8. Defendant Kale had a fiduciary duty to Plaintiff to disclose of such third party payment due to the existence of an attorney/client relationship.

9. Plaintiff was denied the ability to review such third party payment and determine if Defendant Kale was representing Plaintiff in the best interests of Plaintiff.

10. Plaintiff is seeking $10,000,000.00 in punitive damages and $5,000,000.00 in actual damages from Defendant Kale.

### COUNT TWO-CONSTRUCTIVE FRAUD

1. Plaintiff hereby incorporates by reference the allegations and submissions contained in Paragraphs 1,2,3,4,5,6, and 9 of Count One of this Complaint herein haec verba in this Count Two.

2. Plaintiff contends that the failure to disclose to Plaintiff that Defendant Kale received a third party payment or payments constitutes constructive fraud on the part of Defendant Kale.

3. Plaintiff relied on Defendant Kale to provide him with full disclosure of the source of all payments incurred in Defendant Kale's representation of Plaintiff, and Defendant Kale misrepresented the fact in Paragraph 6 of Count One of this Complaint by failing to disclose such matter.

4. Plaintiff was denied the ability to renew such third party payment and determine if Defendant Kale was representing Plaintiff in the best interest of Plaintiff.

5. Plaintiff is seeking $10,000,000.00 in punitive damages and $5,000,000.00 in actual damages from Defendant Kale.

## COUNT THREE-FRAUDULENT MISREPRESENTATION AND/OR OMISSION

1. Plaintiff hereby incorporates by reference the allegations and submissions contained in Paragraphs 1,2,3,4,5,6, and 9 of Count One of this Complaint herein haec verba in this Count Three.

2. Plaintiff contends that the failure to disclose to Plaintiff that Defendant Kale received a third party payment or payments constitutes fraudulant misrepresentation and/or omission.

3. Plaintiff relied on Defendant Kale to provide him with full disclosure of the source of all payments incurred in Defendant Kale's representation of Plaintiff, and Defendant Kale's failure to disclose the matter contained in Paragraph 6 of Count One of this Complaint prejudiced his representation of Plaintiff.

4. Plaintiff was denied the ability to review such third party payment and determine if Defendant Kale was representing Plaintiff in the best interest of Plaintiff.

5. Plaintiff is seeking $10,000,000.00 in punitive damages and $5,000,000.00 in actual damages from Defendant Kale.

## COUNT FOUR-FRAUDULENT CONCEALMENT

1. Plaintiff hereby incorporates by reference the allegations and submissions contained in Paragraphs 1,2,3,4,5,6, and 9 of Count One of this Complaint herein haec verba in this Count Four.

2. Plaintiff contends that the failure to disclose to Plaintiff that Defendant Kale received a third party payment or payments constitutes fraudulant concealment, as Defendant Kale should have known, and would have known to disclose the third party payment or payments to Plaintiff.

3. Plaintiff relied on Defendant Kale to provide him with full disclosure of the source of all payments incurred in Defendant Kale's representation of Plaintiff, and Defendant Kale's fraudulent concealment of such matter contained in Paragraph 6 of Count One of this Complaint prejudiced his representation of Plaintiff.

4. Plaintiff was denied the ability to review such third party payment and determine if Defendant Kale was representing Plaintiff in the best of Plaintiff.

5. Plaintiff is seeking $10,000,000.00 in punitive damages and $5,000,000.00 in actual damages from Defendant Kale.

## COUNT FIVE-BREACH OF FIDUCIARY DUTY

1. Plaintiff hereby incorporates by reference the allegations and submissions contained in Paragraphs 1,2,3,4,5,6,7,8, and 9 of Count One of this Complaint herein haec verba in this Count Five.

2. Defendant Preston is liable for the actions of Defendant Kale, as Defendant Preston, which is the successor corporation to Humphrey, Siegler and Kale, L.L.C., had a supervisory role over Defendant Kale.

3. Defendant Preston knew, or should have known about the non-disclosure of the third party payment or payments to Defendant Kale. Defendant Preston's lack of supervision of Defendant Kale amounted to deliberate indifference over Defendant Kale's actions.

4. Defendant Preston's lack of supervision or deliberate indifference directly attributed to Defendant Kale's breach of fiduciary duty in regard to the non-disclosure of the third party payment or payments to Plaintiff.

5. As such, Plaintiff was denied the ability to renew such third party payment and determine if Defendant Kale was representing Plaintiff in the

5.

best interests of Plaintiff.

6. Plaintiff is seeking $10,000,000.00 in punitive damages and $5,000,000.00 in actual damages from Defendant Preston.

## COUNT SIX - CONSTRUCTIVE FRAUD

1. Plaintiff hereby incorporates by reference the allegations and submissions contained in Paragraph 1,2,3,4,5,6, and 9 of Count One of this Complaint, Paragraphs 2,3, and 4 of Count Two of this Complaint, and Paragraphs 2,3, and 5 of Count Five of this Complaint herein haec verba in this Count Six.

2. Defendant Preston's lack of supervision or deliberate indifference directly attributed to Defendant Kale's constructive fraud in regard to the non-disclosure of the third party payment or payments to Plaintiff.

3. Plaintiff is seeking $10,000,000.00 in punitive damages and $5,000,000.00 in actual damages from Defendant Preston.

## COUNT SEVEN - FRAUDULENT MISREPRESENTATION AND/OR OMISSION

1. Plaintiff hereby incorporates by reference the allegations and submissions contained in Paragraphs 1,2,3,4,5,6, and 9 of Count One of this Complaint, Paragraphs 2,3, and 4 of Count Three of this Complaint, and Paragraphs 2,3, and 5 of Count Five of this Complaint herein haec verba in this Count Seven.

2. Defendant Preston's lack of supervision or deliberate indifference directly attributed to Defendant Kale's fraudulent misrepresentation and/or omission in regard to the non-disclosure of the third party payment or payments to Plaintiff.

3. Plaintiff is seeking $10,000,000.00 in punitive damages and $5,000,000.00 in actual damages from Defendant Preston.

## COUNT EIGHT-FRAUDULENT CONCEALMENT

1. Plaintiff hereby incorporates by reference the allegations and submissions contained in Paragraphs 1,2,3,4,5,6, and 9 of Count One of this Complaint, Paragraphs 2,3, and 4 of Count Four of this Complaint, and 2,3, and 5 of Count Five of this Complaint herein haec verba in this Count Eight.

2. Defendant Preston's lack of supervision or deliberate indifference directly attributed to Defendant Kale's fraudulent concealment in regard to the non-disclosure of the third party payment or payments to Plaintiff.

3. Plaintiff is seeking $10,000,000.00 in punitive damages and $5,000,000.00 in actual damages from Defendant Preston.

WHEREFORE Plaintiff demands judgment from Defendant Kale and Defendant Preston, jointly or separately, for $10,000,000.00 in each count for punitive damages and $5,000,000.00 in actual damages from the responsible party, and the costs of the litigation in this Complaint.

Respectfully submitted,

June 6th, 2013

*Robert Banks*

ROBERT ROSS BANKS
Plaintiff, pro se
Register No. 05834-025
FCI Oakdale
Post Office Box 5000
Oakdale, LA 71463-5000