IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT ROSS BANKS,

    Plaintiff,

vs.

ALOK KALE and PRESTON HUMPHREY,

    Defendants.

Case No. 13-cv-559-JPG-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Robert Ross Banks' motion to proceed *in forma pauperis* (Doc. 3). On June 17, 2013, this Court ordered Banks to supplement his complaint so the Court could determine whether this action was clearly frivolous, malicious, or failed to state a claim. Banks has filed his supplement. For the following reasons, the Court denies Banks' motion to proceed *in forma pauperis* (Doc. 3) and dismisses his complaint for failure to state a claim.

1. **Standard**

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007). When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

**2. Background**

This Court previously appointed Kale, a criminal defense attorney, to represent Banks in criminal proceedings before this Court. *United States v. Banks*, Case No. 03-cr-40019-JPG, Doc. 62. On November 8, 2004, Banks pleaded guilty to conspiracy to distribute cocaine, two counts of distribution of marijuana, and one count of distribution of cocaine. Doc. 70 in criminal case. This Court sentenced Banks to a total term of 360 months imprisonment and he is currently in the custody of the Federal Bureau of Prisons. Doc. 99-1 in criminal case.

After Kale's representation of Banks, Kale completed a "CJA 20 Appointment and Authority to Pay Court Appointed Counsel" form to receive payment for his services to Banks. On that form, Kale checked the "yes" box to the following question: "Other than from the court, have you, or to your knowledge has anyone else, received payment (compensation or anything of value) from any other source in connection with this representation?" Doc. 103 in criminal case. Based solely on this indication, Banks now brings an eight-count complaint alleging as follows: (1) Count One: breach of fiduciary duty against Kale, (2) Count Two: constructive fraud against Kale, (3) Count Three: fraudulent misrepresentation and/or omission against Kale, (4) Count Four: fraudulent concealment against Kale, (5) Count Five: breach of fiduciary duty against Humphrey, (6) Count Six: constructive fraud against Humphrey, (7) Count Seven: fraudulent misrepresentation and/or omission against Humphrey, and (8) Count Eight: fraudulent concealment against Humphrey.

3. Analysis

Here, Banks fails to plead factual content allowing the court to draw the reasonable inference that Kale or Preston is liable for the alleged misconduct. Banks does not allege from where the supposed third party payment came. To that extent, the Court cannot even determine whether there was a third-party payment or simply a clerical error on the form. Accordingly, Banks' fails to state a claim that is plausible on its face and his right to relief does not arise above a speculative level. Accordingly, the Court dismisses his complaint for that reason. Further, Banks fails to properly allege the elements necessary to establish his various state law claims as follows.

 a. **Breach of Fiduciary Duty**

Banks alleges claims for breach of fiduciary duty in Counts One and Five of his complaint. To state a claim for breach of fiduciary duty under Illinois law, a plaintiff must plead the existence of a fiduciary duty, breach of that duty, and resulting damages. *LaSalle Bank Lake View v. Seguban*, 937 F. Supp. 1309, 1324 (N.D. Ill. 1996) (citing *Martin v. Heinold Commods., Inc.*, 608 N.E. 2d 449 (1992)). Banks fails to allege he suffered any damages as a result of the alleged breach of fiduciary duty and thus fails to state a claim. Accordingly, his breach of fiduciary duty claims must be dismissed.

 b. **Constructive Fraud**

Next, Banks pleads constructive fraud in Counts Two and Six. Under Illinois law, "[c]onstructive fraud includes 'any act, statement or omission which amounts to positive fraud or which is construed as a fraud by the courts because of its detrimental effect upon public interests and public or private confidence.'" *Joyce v. Morgan Stanley & Co., Inc.*, 538 F.3d 797, 800 (7th Cir. 2008). A plaintiff must establish "that defendant (1) breached the fiduciary duty he owed to

plaintiff and (2) knew of the breach and accepted the fruits of the fraud." *Id*. (quoting *Prodromos v. Everen Secs., Inc.*, 793 N.E.2d 151, 158 (Ill. App. Ct. 2003)). Here, Banks has failed to allege that defendants knew of any fraud or that they accepted "the fruits of the fraud." Accordingly, Banks' constructive fraud counts must be dismissed.

### c. Fraudulent Misrepresentation and Fraudulent Concealment

Next, Banks pleads claims for fraudulent misrepresentation and fraudulent concealment in Counts Three, Four, Seven and Eight. To state a claim for fraudulent misrepresentation under Illinois law, a plaintiff must plead

> (1) [a] false statement of material fact; (2) known or believed to be false by the party making it; (3) intent to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damages to the other party resulting from that reliance.

*Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 569 (7th Cir. 2012) (quoting *Dloogatch v. Brincat*, 920 N.E.2d 1161, 1166 (Ill. 2009)). To plead a claim for fraudulent concealment, a plaintiff must plead the elements of fraudulent misrepresentation plus "allege that the defendant intentionally omitted or concealed a material fact that it was under a duty to disclose to the plaintiff." *Wigod*, 673 F.3d at 571. Federal Rule of Civil Procedure 9(b) requires a plaintiff "alleging fraud" to "state with particularity the circumstances constituting fraud." *Id.* at 571. The Seventh Circuit has explained that the particularity requirement requires the plaintiff to plead "the who, what, when, where, and how." *Id*.

Here, Banks has clearly failed to plead a claim for fraudulent misrepresentation or concealment. He has not pleaded that defendants made a false statement or that they believed any statement to be false. Banks also fails to allege that the defendants intended to induce Banks to act or that he acted in reliance on any statement. Finally, he fails to allege he was damaged by any reliance. This pleading is especially deficient in light of the heightened pleading

4

requirements for fraud because Banks cannot even explain from where the alleged third party payment came. Accordingly, Banks fails to state a claim for fraudulent misrepresentation or concealment and those claims must be dismissed.

4. **Conclusion**

For the foregoing reasons, the Court **DENIES** Banks' motion to proceed *in forma pauperis* (Doc. 3), **DISMISSES** Banks' complaint for failure to state a claim, and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** August 7, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**